IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CV. NO. 11-00379 DAE-BMK |
| | ) | (Bankruptcy Case No. 10-00771) |
| TERESA JEAN MOORE, | ) | |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| THERESA JEAN MOORE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY; PNC BANK | ) | |
| NATIONAL ASSOCIATION; | ) | |
| AOAO THE WINDSOR; AND | ) | |
| DEPARTMENT OF TAXATION, | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RICHARD A YANAGI; AND | ) | |
| OFFICE OF THE U.S. TRUSTEE, | ) | |
| | ) | |
| Defendants-Trustees. | ) | |
| _____ | ) | |

# ORDER: (1) GRANTING APPELLEES' MOTIONS TO DISMISS AND (2) VACATING THE HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court **GRANTS** Appellee Deutsche Bank and Appellee PNC's (collectively "Appellees") Motions to Dismiss (Docs. ## 7, 9.) Appellant's appeal is hereby **DISMISSED**. The Hearing on this matter, currently set for November 18, 2011, is hereby **VACATED**.

## BACKGROUND

On March 18, 2010, Appellant Teresa Jean Moore ("Appellant") filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the District of Hawaii. (Bk. No. 10-00771, Doc. # 1.) The bankruptcy court issued four orders relevant to the instant appeal:

1. Order Granting Motion for Relief from Automatic Stay (RE: PNC Bank, NA) filed on October 7, 2010 ("PNC Relief Order"). (Bk. No. 10-00771, Doc. # 119.)

2. Order Granting Motion for Relief from Automatic Stay (Deutsche Bank National Trust Company) ("DB Relief Order") filed on January 21, 2011. (Bk. No. 10-00771, Doc. # 251.)

3. Order Converting Chapter 13 Case to Chapter 7 Case filed on March 29, 2011 ("Conversion Order"). (Bk. No. 10-00771, Doc. # 302.)

4. Order Denying Debtor's Motion to Dismiss Chapter 7 Case filed on June 14, 2011 ("Motion to Dismiss Order"). (Bk. No. 10-00771, Doc. # 329.)

On June 15, 2011, Appellant filed a Notice of Appeal to this Court. (Doc. # 1-1.) Attached to the Notice of Appeal were these four orders. (Id. at 3–20.) On August 24, 2011, United States Magistrate Judge Barry M. Kurren issued an electronic order establishing a briefing schedule for the appeal. (Doc. # 6.)

On September 1, 2011, Appellee Deutsche Bank National Trust Company ("Deutsche Bank") filed its Motion to Dismiss Debtor's Appeal. ("DB Mot., Doc. # 7.) On September 7, 2011, PNC Bank, National Association ("PNC") filed its Motion to Dismiss Appeal. ("PNC Mot.," Doc. # 9.) On September 19, 2011, this Court issued an order vacating the briefing schedule for the appeal pending resolution of the Motions to Dismiss. (See Doc. # 20.) On November 3, 2011, Appellant filed an Opposition to the Motions to Dismiss.[1] ("Opp'n," Doc.

---

[1] It is worthy of note that Appellant was tardy in filing her Opposition. Pursuant to Local Rule 7.4, an opposition must be filed no later than twenty-one days prior to the hearing. Here, the Hearing on these Motions was set for

3

# 22.) On November 10, 2011, Appellee Deutsche Bank filed a Reply. ("DB Reply," Doc. # 23.)

## STANDARD OF REVIEW

A district court applies the same standard of review applied by an appellate court in reviewing a bankruptcy appeal. In re JTS Corp, 617 F.3d 1102, 1109 (9th Cir. 2010). "The court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo." In re Kimura, 969 F.2d 806, 810 (9th Cir. 1992); see also In re JTS Corp, 617 F.3d at 1109 ("The bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." (quotations omitted)); In re Marquam Inv. Corp., 942 F.2d 1462, 1465 (9th Cir. 1991) ("We review the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo."); In re Guadarrama, 284 B.R. 463, 468 (C.D. Cal. 2002) ("When reviewing a decision of a bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. The district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. It reviews the bankruptcy court's

---

November 18, 2011. Accordingly, Appellant had until October 28, 2011 to file her Opposition. Appellant did not file, however, until November 3, 2011.

conclusions of law de novo." (citations omitted)). "'Mixed questions of law and fact are reviewed de novo.'" In re JTS Corp., 617 F.3d at 1109 (quoting In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998)).

DISCUSSION

Appellees proffer two brief arguments in support of their Motions to Dismiss.[2] First, to the extent Appellant appeals the Relief Orders and the Conversion Order, Appellees argue that the appeal is not timely because these orders were final judgments, and Appellant had to appeal fourteen days from the entry of judgment. (PNC Mot. at 2; DB Mot. at 1–2.) Second, Appellees contend that the Court should not hear the appeal of the fourth order, the Motion to Dismiss Order, because it is interlocutory. The Court agrees and grants Appellees' Motions to Dismiss.

As a preliminary matter the Relief Orders are final and appealable orders. See In re Excel Innovations, Inc., 502 F.3d 1086, 1092 (9th Cir. 2007) ("We have held that a decision granting or denying relief from a § 362(a) automatic stay constitutes a final order for purposes of appellate jurisdiction.") (citing Crocker v. Nat'l Bank v. Am. Mariner Indus., Inc. (In re Am. Mariner

---

[2] Indeed, PNC's Motion was three pages long, while Deutsche Bank's Motion was ten pages long.

Indus., Inc., 734 F.2d 426, 429 (9th Cir. 1984)). Similarly the Conversion Order is also a final and appealable order. In re Rosson, 545 F.3d 764, 769 (9th Cir. 2008) (holding that "an order converting a bankruptcy case to Chapter 7 is final and appealable.").

Pursuant to Federal Rules of Bankruptcy Procedure ("Rule") 8002, "[t]he notice of appeal shall be filed with the clerk within 14 days from the date of the entry of the judgment, order, or decree appealed from." This deadline is jurisdictional in nature; failure to adhere to it requires dismissal. See In re Souza, 795 F.2d 855, 857 (9th Cir. 1986) ("The untimely filing of the notice of appeal is jurisdictional [and therefore a] district court lack[s] jurisdiction to hear [the] case."); see also Anderson v. Mouradick, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").

Here, the Relief Orders were filed on October 7, 2010 and January 21, 2011. The Conversion Order was filed on March 29, 2011. Each of these orders were final and appealable. Appellant did not appeal, however, until June 15, 2011, well after the fourteen day window had closed with respect to each order. This Court may not extend the time to appeal these orders as the time period established

by Rule 8002 is jurisdictional in nature. Appellant's appeal with respect to the Relief Orders and the Conversion Order must therefore be dismissed.

The fourth order, the Bankruptcy Court's Order denying Appellant's Motion to Dismiss, must also be dismissed. This Court has jurisdiction to hear appeals from orders of the bankruptcy court in this district per 28 U.S.C. § 158(a)(1) which provides:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from final judgments, orders, and decrees;
> >
> > (2) from interlocutory orders and decrees issued under 1121(d) of title 11 increasing or reducing the time period referred to in section 1121 of such title; and
> >
> > (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the juridical district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

"Denials of motions to dismiss . . . are ordinarily not appealable." Hilton v. Hallmark Cards, 580 F.3d 874, 880 (9th Cir. 2009) (citing Caitlin v. United States, 324 U.S. 229, 236 (1945) ("[D]enial of a motion to dismiss, even

7

when the motion is based upon jurisdictional grounds, is not immediately reviewable."). This principle is applicable in bankruptcy cases as well. In re Sherman, 491 F.3d 948, 967 n.21 (9th Cir. 2007) ("A decision to deny a motion to dismiss . . . is an interlocutory order [in the bankruptcy context].")). It is therefore beyond dispute that the Motion to Dismiss Order is interlocutory in nature.

Thus, pursuant to 28 U.S.C. § 158(a), Appellant can only appeal the Motion to Dismiss Order with leave of this Court.[3] See 28 U.S.C. § 158(a)(3). Neither the Bankruptcy Code nor the Bankruptcy Rules provide a standard for district courts to apply in determining whether to review an appeal from an interlocutory bankruptcy order.[4] The Bankruptcy Appeal Panel for the Ninth Circuit, however, has analogized the discretion allotted per 28 U.S.C. § 158(a)(3) to the discretion established by 28 U.S.C. § 1292(b). See Belli v. Temkin (In re Belli), 268 B.R. 851, 858 (9th Cir. B.A.P. 2001). 28 U.S.C. § 1292(b) provides

---

[3] Traditionally Rule 8003 requires an appellant file a motion for leave to appeal under these circumstances. See Fed. R. Bank. P. 8003. However, in the absence of a motion, a district court "shall consider the notice of appeal as a motion for leave to appeal." See id.

[4] Nor has the Ninth Circuit had the opportunity to opine on the appropriate standard. When a district court declines to hear an appeal from an interlocutory bankruptcy court order, the Ninth Circuit has no jurisdiction to review that exercise of discretion. See Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs), 339 F.3d 782, 787–88 (9th Cir. 2003); see also 28 U.S.C. § 158(d).

8

that an appeal may be taken from an interlocutory order where the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Here, the basis for the bankruptcy court's decision did not involve a "controlling question of law" much less one "to which there is substantial ground for difference of opinion." The bankruptcy court orally denied Appellant's Motion to Dismiss as follows:

> Okay. Alright. My inclination then would be to deny the motion. I think there is two purposes to a bankruptcy case, one of which is to get an eligible debtor a discharge, which is not going to happen in this case, because the Debtor is not eligible for a discharge, but the other purpose is to provide appropriate treatment to creditors so claims can be resolved, and assets liquidated, and the proceeds distributed fairly.
>
> And when either of those purposes would be served it can be appropriate to keep the case going. I think here that keeping the Chapter 7 case going would—would <u>provide potentially benefits for the Trustee</u>.

(DB Mot., Ex. A. at 3–4 (transcript of proceedings).) The court's decision, therefore, did not turn on an issue of law at all, but instead on a factual finding that continuing the Chapter 7 case would provide "benefits for the Trustee" and creditors alike. An appeal for the purposes of reviewing factual determinations is not within the purview of 28 U.S.C. § 1292(b). See <u>United States v. Adam Bros.</u>

9

Farming, Inc., 369 F. Supp. 2d 1180, 1182 (N.D. Cal. 2004) (finding as a threshold matter that per § 1292(b) an appellant's challenge was a question of law rather than one of fact); Tesco Corp v. Weatherford Intern., Inc., 722 F. Supp. 2d 755, 767 (S.D. Tex. 2010) ("[F]indings of fact . . . are inappropriate matters for interlocutory appeal."); In re Frank Santora Equip. Corp, 213 B.R. 420, 426 (E.D.N.Y. 1997) ("[A] determination of fact [is] inappropriate for interlocutory review."). Because this Court would not hear Appellant's appeal pursuant to the criteria established by 28 U.S.C. § 1292(b), it will not hear this appeal pursuant to 28 U.S.C. § 158(a)(3). See In re Bell, 268 B.R. at 858 (analogizing an exercise of discretion under § 158(a)(3) to § 1292(b)).

Appellant proffers primarily three arguments in Opposition, none of which are persuasive. First, Appellant contends that the Motion to Dismiss Order was final with respect to her. Specifically Appellant contends:

> In this case, the Bankruptcy Court Judge converted the voluntary Chapter 13 Bankruptcy Case to an involuntary chapter 7 Bankruptcy case for the benefit of the "Creditors." Thus, the ORDER DENYING DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE was the functional equivalent of a final order because it terminated the property interests of the debtor and transferred those interests to the Chapter 7 Trustee.

(Opp'n at 6.) This argument fails because it was not the Motion to Dismiss Order which transferred her property interest to the Chapter 7 trustee, but rather the

Conversion Order which did so.[5] Indeed, this is the precise reason that the Ninth Circuit concluded that an order converting a bankruptcy case to a Chapter 7 proceedings constitutes a final order. In re Rosson, 545 F.3d at 770 ("[B]ecause a conversion to Chapter 7 takes control of the estate out of the hands of the debtor, it seriously affects substantive rights and may lead to irreparable harm to the debtor if immediate review is denied."). As discussed, Appellant's fourteen day window to appeal the Conversion Order closed well before she filed the instant appeal. Appellant may not now attempt to circumvent the jurisdictional requirements of Rule 8002 by arguing a later order denying her motion to dismiss deprived her of control of her estate.

Appellant next argues that the appeal "is within the time under the rules." (Opp'n at 6–8.) Although difficult to understand, Appellant's argument seems to be that because her notice of appeal with respect to the Motion to Dismiss Order was timely, her appeal should be permitted to proceed. While true that Appellant's notice of appeal was timely with respect to the Motion to Dismiss Order, her appeal was not timely with respect to the Relief Orders and the Conversion Order. As outlined supra, the timing requirement of Rule 8002 is

---

[5] Appellant admits as much in her briefing. (See Opp'n at 5–6 ("[T]he conversion to the Chapter 7 terminated the property interests of the Appellant and transferred those interests to the Chapter 7 Trustee."))

jurisdictional in nature, this Court simply cannot hear an appeal of these orders, irrespective of whether a subsequent order was timely appealed by Appellant.

Appellant finally argues that this Court should hear her appeal because she has standing as an aggrieved party, and her "rights [have been] impaired by the order on the appeal." Irrespective of whether Appellant has standing as an aggrieved party, this Court simply may not hear an appeal of the Conversion Order or Relief Orders as Appellant seeks. She did not timely appeal. The Court also will not entertain an appeal of the Motion to Dismiss order because it is interlocutory in nature and does not involve a question of law. Appellant is invited to refile her appeal with this Court the next time the bankruptcy court enters a final judgment against her.

## CONCLUSION

For these reasons, the Court **GRANTS** Appellee's Motions to Dismiss. (Docs. ## 7, 9.) Appellant's appeal is hereby **DISMISSED**. The

Hearing on this matter, currently set for November 18, 2011, is hereby

**VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 17, 2011.

_____
David Alan Ezra
United States District Judge

In re Teresa Jean Moore; Civil No. 11-00379 DAE-KSC; ORDER GRANTING APPELLEES' MOTIONS TO DISMISS AND (2) VACATING THE HEARING